## Will Drake v. State.

No. 2000. Decided January 22, 1913.

Rehearing Denied February 19, 1913.

**1.—Murder—Companion Case—Practice on Appeal.**

Where the questions raised on appeal were decided adversely to appellant in a companion case, there was no error. Davidson, presiding judge, dissenting.

**2.—Same—Continuance—Want of Diligence—Depositions.**

Where the application for continuance or postponement showed a want of diligence in procuring process and depositions of witnesses, there was no error in overruling same.

**3.—Same—Evidence—Declarations of Third Parties.**

Upon trial of murder, there was no error in admitting testimony of the brother of deceased as to what he heard defendant say at the time a

divorce case of deceased against his wife was tried, and what another witness had heard him say at another time and place.

#### 4.—Same—Charge of Court—Malice—Words and Phrases.

A complaint to the charge of the court that it did not define malice, and that it used the word reasonable and reasonably too often showed no error.

#### 5.—Same—Charge of Court.

Where the court's charge on the presumption that deceased intended to kill or inflict some bodily injury upon defendant was more favorable to defendant than necessary, there was no error.

#### 6.—Same—Sufficiency of the Evidence.

Where, upon trial of murder the evidence sustained a conviction of murder in the second degree, there was no error.

Appeal from the District Court of Taylor. Tried below before the Hon. Thos. L. Blanton.

Appeal from a conviction of murder in the second degree: penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Scott & Brelsford* and *D. G. Hunt*, for appellant.—On question of change of venue and due process of law: Armstrong v. Taylor, 87 Texas, 598; Turpin v. Lemon, 187 U. S., 51; Kennard v. La. ex rel Morgan, 92 U. S., 480; Kilbourn v. Thompson, 103 U. S., 168; Jewell v. Coffee, Cont. Civ. App., 132 S. W. Rep., 886; Ex Parte Boyd, 50 Texas Crim. Rep., 309.

On question of admitting testimony of deceased's brother and threats of defendant: Hall v. State, 43 Texas Crim. Rep., 257; Bradley v. State, 54 id, 53; Youngman v. State, 38 id, 459; Holley v. State, 39 id, 301.

On question of court's charge on malice: Harvey v. State, 35 Texas Crim. Rep., 545; Meuley v. State, 26 id, 274.

*C. E. Lane*, Assistant Attorney-General, for the State.—On question of change of venue: Ex Parte Boyd, 50 Texas Crim. Rep., 309; Grant v. State, 62 Ala., 233.

PRENDERGAST, JUDGE.—Appellant was convicted of murder in the second degree and his punishment fixed at five years in the penitentiary,—the lowest penalty. This is the second appeal in this case. The first is reported in 65 Texas Crim. Rep., 282, 143 S. W. Rep., 1157, where a sufficient statement of the case will be found.

All of the questions as to the convening of the District Court of Eastland County in special session and the order changing the venue from Eastland to Taylor County are fully discussed and passed on adversely to appellant in the companion case of Bill Mayhew from Shackleford County, this day decided. We refer to that case for a discussion of those questions.

The only other questions raised in this case that call for a discussion, now pass upon. Appellant next contends that the court erred in overruling his application for a continuance or postponement of the case to procure the attendance of three absent witnesses, they being Chambless, Martin and Prescott, or their depositions. This was a second application for a continuance. As qualified and explained by the court in allowing the bill it is shown that on the first trial of the case in January, 1911, the defendant made an application for a continuance on account of the absence of said witness Prescott; that it was shown that said witness had gone to Illinois to attend the funeral of his father and was temporarily in Illinois for that purpose; that he was the railroad agent for the Texas Central Railroad at Carbon; that no effort had been made to procure the attendance of said Prescott after said first trial until two days before this trial and if he had used due diligence he could easily have ascertained the whereabouts of said witness fully three weeks before the trial. That the witnesses Martin and Chambless were residents of the State of Arkansas and that this was known to appellant's attorneys; that there was no process known to the law to require said two witnesses in Arkansas to come to Texas from Arkansas against their will and that if they had desired to attend and get their fees they could have done so under the former process which was served upon them prior to their removal from the State. Besides this, it was shown that the witness Martin had testified on the former trial of the case and his testimony on that trial was introduced and read in evidence on this trial; that shortly after the venue of this cause was changed on February 24th he wrote to said two Arkansas witnesses and in order that they might get their fees asked them to come across from Arkansas into Texas at Texarkana where they could be subpoenaed and thereby be enabled to get their fees. No effort whatever is shown to have been made to take the depositions of either of these Arkansas witnesses. We are of the opinion that the appellant is shown not to have used any diligence or proper diligence to procure the attendance of either of these witnesses and the court did not commit a reversible error in refusing a continuance. Harvey v. State, 35 Texas Crim. Rep., 545; Giles v. State, 66 Tex.Crim. Rep., 638, 148 S. W. Rep., 317, and cases there cited; Parshall v. State, 62 Tex. Crim. Rep., 177, 138 S. W. Rep., 759; Hutchinson v. State, 6 Texas Crim. App., 468.

By some other bills appellant claims that the court erred in admitting the testimony of Will Carter, brother of deceased, what he overheard appellant say at the courthouse at the time the divorce case of the deceased against his wife was tried, and what the witness Rutherford heard him say about deceased when he saw him at the bronc. show. This was correctly decided against appellant on the former appeal of this case.

The complaint of appellant to the charge of the court in that it did not define malice is not well taken. Neither does the critcism of the

charge of the court in a certain portion thereof, that it so used the words "reasonable" and "reasonably" too often show any reversible error.

The charge of the court, "and if at the time, the deceased was armed, then the law would presume that he intended to kill or inflict some bodily injury upon defendant," could not have affected appellant injuriously, even if improper. There was no direct testimony that deceased was armed at the time appellant shot and killed him, but appellant himself did testify that at the time he shot deceased, deceased "threw his hand around and made a pass in here for his gun and when he did is when I jerked my gun and shot twice as quick as I could shoot." The testimony of other witnesses also might be construed by implication to tend to show that deceased may have been armed at the time he was killed. It seems to us that this charge was in appellant's favor and not against him. At any rate, it shows no reversible error.

It is unnecessary to recite the testimony. It was amply sufficient to have justified the verdict. The judgment will be affirmed.

*Affirmed.*

DAVIDSON, Presiding Judge (dissents).—I dissent in this case for the reasons set forth in the dissenting opinion in the Mayhew case. The questions are the same in both cases.

[Rehearing denied February 19.—Reporter.]